IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00929-RPM

ONEIL WRIGHT,

        Plaintiff,

v.

ROSBRO CORPORATION, d/b/a Grease Monkey of Greeley,

        Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The Court has reviewed and considered the parties' Joint Motion for Entry of Protective Order. Based on the Joint Motion, it appears that discovery in this case may involve the disclosure of confidential information by the parties and potentially by persons who are not parties to this action. The Court finds that the parties have established good cause for the entry of a protective order. Therefore, pursuant to Fed. R. Civ. P. 26(c),

IT IS HEREBY ORDERED as follows:

1. This Protective Order shall apply to and govern all depositions, documents, things, and information produced in response to requests for production of documents pursuant to Fed. R. Civ. P. 34, answers to interrogatories pursuant to Fed. R. Civ. P. 33, responses to requests for admissions pursuant to Fed. R. Civ. P. 36, documents and things produced pursuant to Fed. R. Civ. P. 26(a)(1), documents and things provided by non-parties pursuant to Fed. R. Civ. P. 45, and all other discovery taken or exchanged pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at deposition or trial, matters in evidence, and other information or copies thereof which the disclosing party designates as "**CONFIDENTIAL**." A

party or non-party may designate a document, thing, deposition or other information as "**CONFIDENTIAL**" if it contains Confidential Information. For purposes of this Protective Order, Confidential Information shall mean:

    a.    A designating party's (or non-party's) trade secrets.

    b.    A designating party's (or non-party's) confidential proprietary financial, commercial or technical information not generally available to the public.

    c.    Confidential personnel and employment-related records and information maintained by Defendant regarding its current and former employees that are not generally available to the public; *provided however*, that documents and information regarding claims of harassment, discrimination and retaliation based upon race and/or national origin, and Defendant's investigation or discipline of such alleged harassment, discrimination and retaliation based upon race and/or national origin, shall not be considered Confidential Information.

    d.    Confidential personnel and employment-related records and information maintained by a non-party regarding its current and former employees that are not generally available to the public; *provided however*, that documents and information regarding claims of harassment, discrimination and retaliation based upon race and/or national origin, and Defendant's investigation or discipline of such alleged harassment, discrimination and retaliation based upon race and/or national origin, shall not be considered Confidential Information.

    e.    Confidential medical and financial records and information pertaining to Plaintiff.

2. A party or non-party producing Confidential Information shall label or mark documents and things deemed to be Confidential Information with the legend "**CONFIDENTIAL**," "**CONFIDENTIAL INFORMATION**," or marking of similar effect. In any instance where such stamping is not feasible, the parties shall agree upon a reasonable substitute indication of confidentiality. Inadvertent disclosure of Confidential Information shall not prevent a party from designating said information as confidential at a later time. However, the other party shall not be found to have been in error if it divulged said information to others prior to the changed designation.

3. The parties expressly acknowledge that discovery may entail the production of materials constituting "protected health information" under 45 CFR § 160.103 and they agree that such information shall be designated "**CONFIDENTIAL**." The parties intend that this Protective Order serve as a qualified protective order under 45 CFR § 164.512(e)(1)(v).

4. Documents and information designated "**CONFIDENTIAL**" in accordance with this Protective Order, and the information contained therein, shall be used solely for the purposes of this case and may not be used as a basis for any other action, claim, or protest without first obtaining permission of this Court or the producing party. Such information shall not be used by, or disclosed to any person except as provided herein, provided that the disclosing party may use its or his own confidential or restricted information for any lawful purpose. Confidential Information may be disclosed to the following classes of persons (collectively "Recipients"):

(A) The parties and the following counsel of record for the parties, and members or associates of the firms:

*For the Plaintiff:*

Law Offices of Joshua Friedman, P.C.

3

*For the Defendant*:

Hutchinson Black and Cook, LLC

(B)     The non-technical, clerical, or paralegal staff employed by counsel referred to in the preceding subparagraph;

(C)     Independent experts, consultants and/or investigators retained by counsel to assist in this litigation;

(D)     Any person or entity designated as author, addressee, or recipient of such document;

(E)     Any person or entity to whom the document itself indicates that the information therein was previously communicated;

(F)     Any non-parties who may be informally interviewed or deposed, or trial witnesses, and whose testimony is reasonably anticipated to include matters designated as **"CONFIDENTIAL"**; and

(G)     Stenographic reporters who are engaged in the above action necessarily incident to the conduct of this action.

5.      The persons identified in subparagraphs (C) and (F) of paragraph 4 above must execute an undertaking in the form set forth in **Exhibit A** attached hereto prior to the receipt of any confidential documents or information.

6.      Counsel disclosing documents or information to persons specified in subparagraphs (C) and (F) of paragraph 4 above shall retain the affidavits executed by such persons until the conclusion of this litigation or otherwise as this Court may order. The Court may direct disclosing counsel to produce undertakings at any time upon a showing of good cause.

7.      No Recipient shall photocopy or otherwise retain any facsimile, summary, or

4

synopsis of any confidential documents or information other than for use solely for the purposes of this litigation. Within 60 days from the date of entry of a final judgment or order of dismissal in this litigation, each Recipient shall return to counsel for the producing party any and all copies of the confidential documents and information and any notes, memoranda, reports, transcripts, exhibits, or other documents referring to or relating to such confidential documents or information, excluding attorney work product, or, in the alternative, may verify that such materials have been destroyed; *provided however*, that counsel of record may maintain copies of all documents and things designated "**CONFIDENTIAL**" to the extent required by legal or ethical obligations concerning file retention, in which event, such documents and things shall be maintained as confidential.

8.      During any deposition, confidential documents, answers to interrogatories or requests for admission, or prior deposition transcripts may be disclosed to any deponent or witness who is a Recipient as defined herein. Deponents may likewise be asked to disclose confidential information which is within their knowledge. In the event confidential documents or information are used, disclosed or elicited during any deposition, counsel may designate during the deposition the documents and information, and all portions of the deposition transcripts which refer to such documents and information, as "**CONFIDENTIAL**" pursuant to the provisions of this Protective Order. Portions of depositions shall be designated as "**CONFIDENTIAL**" by a statement on the record at the deposition by counsel that the testimony is confidential and subject to the provisions of this Protective Order. In the event that such a designation is made, the portion of the deposition subject to the "**CONFIDENTIAL**" designation may be attended by the deponent, any Recipients otherwise entitled to attend, and the appropriate court or deposition reporters. The deponent at such deposition shall be subject to all restrictions and obligations applicable to Recipients.

9. In addition to the procedure described in the preceding paragraph, a party may designate a portion of a deposition as "CONFIDENTIAL" within ten (10) days after receipt of the deposition transcript. This designation shall be made by delivery to trial counsel in this case of a written notice of the designation, identifying the deposition and specifying by page and line the portions designated as "CONFIDENTIAL." Portions of depositions designated in accordance with this paragraph shall be subject to the same restrictions as portions contemporaneously designated in accordance with the preceding paragraph. The failure of a party to contemporaneously designate a portion of a deposition as confidential in accordance with the preceding paragraph shall not constitute a waiver of any claim that the information constitutes a trade secret or other confidential research, development, personal, financial or commercial information, provided that the portion of the deposition is timely designated in accordance with this paragraph. However, no person or party shall be subject to any sanction under this Protective Order arising from the use or disclosure, prior to receipt of the written designation, of deposition testimony not previously designated under the terms of paragraph 8.

10. If at any time a party objects to a designation of a document, interrogatory answer, or response to request for admission, or a portion of a deposition as "CONFIDENTIAL", the objecting party shall notify the designating party and the parties involved shall attempt to resolve their differences through good faith negotiation. Thereafter, the objecting party or persons shall move the Court for a prompt ruling that the document or information is not confidential. The document shall be treated as confidential until a ruling by the Court. A party's failure to object to the designation of a document or other information as "CONFIDENTIAL" shall not be construed as an admission or acknowledgment by that party that the document or information is confidential.

11. In the event that counsel for a party deems it necessary to disclose any

information that a producing party has designated "**CONFIDENTIAL**" to any person not specified in paragraph 4 above, said counsel shall notify counsel for the producing party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information that have been designated "**CONFIDENTIAL**" shall be subject to the provisions of this Protective Order.

13. Any party may use documents or information that have been designated "**CONFIDENTIAL**" in any affidavit, brief, memorandum of law, or other document filed in this litigation. Any documents utilizing these materials or information shall be filed in compliance with D.C.COLO.L.Civ.R. 7.2. However, before filing materials or information in compliance with D.C.COLO.L.Civ.R. 7.2, the parties shall confer in good faith to determine whether Confidential Information may be reasonably redacted from the materials or information to be filed with the Court so that the document may be filed without having to comply with the requirements of D.C.COLO.L.Civ.R. 7.2.

14. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if (a) the producing party of Confidential Information consents in writing to such disclosure, or (b) such disclosure is otherwise required by a lawful subpoena or order issued by a court of competent jurisdiction, or (c) this Court, after notice to all affected parties, orders such disclosure.

15. Nothing contained in this Protective Order shall affect the right of any party to

make objections or other responses permitted by the Federal Rules of Civil Procedure to any request for production of documents, interrogatory, request for admission, or question at a deposition, except matters of confidentiality which this Protective Order has addressed. Nothing in this Protective Order shall constitute a ruling on any such claim.

16.  This Protective Order is entered pursuant to Fed. R. Civ. P. 26(c). The protections afforded pursuant to this Protective Order are continuing. No Confidential Information shall be disclosed in violation of this Protective Order either during or after this litigation.

PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED at Denver, Colorado this _19_ day _December_ 2013.

BY THE COURT

_____
Richard P. Matsch, Senior District Judge

AGREED AND STIPULATED this 18th day of December, 2013.

By: _s/Rebecca Houlding_  
    Rebecca Houlding  
    Law Offices of Joshua Friedman, P.C.  
    1050 Seven Oaks Lane  
    212.308.4338 x 5  
    Attorney for Plaintiff

By: _s/John B. Greer_  
    John B. Greer  
    Hutchinson Black and Cook, LLC  
    921 Walnut Street, Suite 200  
    303.442.6514  
    Attorney for Defendant

# EXHIBIT A

## UNDERTAKING

STATE OF _____ )
                                     ) ss.
COUNTY OF _____ )

        I, _____, being first duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____,
and the address of my employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Stipulated Protective Order in this case (*i.e.*, *Oneil Wright v. Rosbro Corporation, d/b/a Grease Monkey of Greeley*, United States District Court for the District of Colorado, Civil Action No. 1:13 CV 00929 RPM).

    5.    I have carefully read and understand the provisions of the Stipulated Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any designated information or any words, substances, summaries, abstracts or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained.

_____

    Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 201\_\_, by _____, notary public.

    Witness my hand and official seal.

_____
Notary Public
My commission expires:_____